UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMNESTY INTERNATIONAL USA; GLOBAL FUND FOR WOMEN; GLOBAL RIGHTS; HUMAN RIGHTS WATCH; INTERNATIONAL CRIMINAL DEFENSE ATTORNEYS ASSOCIATION; THE NATION MAGAZINE; PEN AMERICAN CENTER; SERVICE EMPLOYEES INTERNATIONAL UNION; WASHINGTON OFFICE ON LATIN AMERICA; DANIEL N. ARSHACK; DAVID NEVIN; SCOTT MCKAY; and SYLVIA ROYCE, <br><br>                              Plaintiffs, <br><br>v. <br><br>JOHN M. McCONNELL, in his official capacity as Director of National Intelligence; LT. GEN. KEITH B. ALEXANDER, in his official capacity as Director of the National Security Agency and Chief of the Central Security Service; and MICHAEL B. MUKASEY, in his official capacity as Attorney General of the United States, <br><br>                              Defendants. | **PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** <br><br><br><br><br><br>Case No. 08 Civ. 6259 (JGK) <br><br>**ECF CASE** |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, plaintiffs in the above-captioned case respectfully move the Court to enter summary judgment in their favor.

This lawsuit challenges the constitutionality of the Foreign Intelligence Surveillance Act, 50 U.S.C. § 1801, *et seq.* ("FISA"), as amended by H.R. 6304, the FISA Amendments Act of 2008 ( "FAA," or "Act"), which the President signed into law on July 10, 2008. As amended, FISA allows the executive branch sweeping and virtually unregulated authority to monitor the international communications – and in some cases the purely domestic communications – of law-abiding U.S. citizens and residents. The Act violates the Fourth

Amendment by authorizing warrantless and unreasonable searches. It violates the First Amendment because it sweeps within its ambit constitutionally protected speech that the government has no legitimate interest in acquiring and because it fails to provide adequate procedural safeguards. It violates Article III and the principle of separation of powers because it requires the Foreign Intelligence Surveillance Court ("FISC") to issue advisory opinions on matters that are not cases or controversies and because it permits the executive branch to continue surveillance even if the FISC determines the surveillance to be unconstitutional.

For the reasons stated in the enclosed Memorandum in Support of Plaintiffs' Motion for Summary Judgment, plaintiffs are entitled to judgment as a matter of law.

Plaintiffs respectfully request that the Court hear oral argument.

Respectfully submitted,

____/s/ Jameel Jaffer_____
JAMEEL JAFFER
MELISSA GOODMAN
L. DANIELLE TULLY
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Ph: (212) 549-2500
Fax: (212) 549-2583
E-mail: jjaffer@aclu.org

NEW YORK CIVIL LIBERTIES UNION
FOUNDATION, by
CHRISTOPHER DUNN
ARTHUR EISENBERG
New York Civil Liberties Union
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300

CHARLES S. SIMS
THEODORE K. CHENG
MATTHEW J. MORRIS
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
212-969-3000

September 12, 2008