UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

AMNESTY INTERNATIONAL USA; GLOBAL FUND FOR   :
WOMEN; GLOBAL RIGHTS; HUMAN RIGHTS WATCH; IN-   :
TERNATIONAL CRIMINAL DEFENCE ATTORNEYS ASSO-   :
CIATION; THE NATION MAGAZINE; PEN AMERICAN CEN-   :
TER; SERVICE EMPLOYEES INTERNATIONAL UNION;   :
WASHINGTON OFFICE ON LATIN AMERICA; DANIEL N.   :
ARSHACK; DAVID NEVIN; SCOTT MCKAY; and SYLVIA   :
ROYCE,   :
  :
                 Plaintiffs,   :
  :
       v.   :   08 Civ. 6259 (JKG)
  :
JOHN M. MCCONNELL, in his official capacity as Director of Na-   :   ECF CASE
tional Intelligence; LT. GEN. KEITH B. ALEXANDER, in his offi-   :
cial capacity as Director of the National Security Agency and Chief   :
of the Central Security Service; and MICHAEL B. MUKASEY, in   :
his official capacity as Attorney General of the United States,   :
  :
                Defendants.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

GREGORY G. KATSAS
Assistant Attorney General

ANTHONY J. COPPOLINO
Special Litigation Counsel

PAUL FREEBORNE
Trial Attorney
U.S. Department of Justice

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

SERRIN TURNER
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel. No. (212) 637-2701
Fax No. (212) 637-2686
serrin.turner@usdoj.gov

Attorneys for Defendants

In response to Plaintiffs' Statement of Undisputed Facts in Support of Plaintiffs' Motion for Summary Judgment, Defendants admit, deny, or otherwise aver as follows:

1.       Deny the first sentence of this paragraph, except to admit that in December 2005, the President stated that, after the attacks of September 11, 2001, he authorized the National Security Agency ("NSA") to intercept certain "one-end" international communications to or from the United States where a communicant to the call was reasonably believed to be a member or agent of al Qaeda or an affiliated terrorist organization—later referred to as the "Terrorist Surveillance Program" ("TSP").  In addition, the statement in this paragraph presents no genuine issue of material fact relevant to the pending motions for summary judgment concerning the challenged FISA Act Amendments of 2008.

1A.       The averment in ¶ 1A refers to the content of a newspaper article.  Defendants admit that the article at Exh. A to the Jaffer Declaration was published by the New York Times on December 16, 2005.  The statements in the article are hearsay inadmissible for the truth of the matter asserted on summary judgment. In addition, the statement in this paragraph presents no genuine issue of material fact relevant to the pending motions for summary judgment concerning the challenged FISA Act Amendments of 2008.

1B.       Admit that the statement quoted in ¶ 1B was made by the President on December 17, 2005.  The Court is referred to the full statement at Exh. B to the Jaffer Declaration for a full and complete statement of its content.

2.       The averment in ¶ 2 refers to a statement made by the President on December 19, 2005 at Exh. C to the Jaffer Declaration, to which the Court is referred for a full and complete statement of its content.  In that statement, the President stated in part: "[C]onsistent with U.S.

law and the Constitution, I authorized the interception of international communications of people with known links to Al Qaida and related terrorist organizations.  The program is carefully reviewed every 45 days to ensure it is being used properly" and was "reauthorized more than 30 times since the September 11th attacks.  Admit also that the President decided to discontinue the TSP in January 2007.  In addition, the statement in this paragraph presents no genuine issue of material fact relevant to the pending motions for summary judgment concerning the challenged FISA Act Amendments of 2008.

      3.     *See* response to ¶ 1.

      3A.     Admit that the statement quoted in ¶ 3A was made by the Attorney General on December 19, 2005.  The quoted sentence is contained in the full statement at Exh. D to the Jaffer Declaration at page 1 of 12, to which the Court is referred for a full and complete statement of its content.

      4.     Deny, except to admit that interception of international communications under the TSP after the 9/11 was authorized by the President, and otherwise aver that the averment in this paragraph presents no genuine issue of material fact relevant to the pending motions for summary judgment concerning the challenged FISA Act Amendments of 2008.

      4A.     Deny, except to admit that ¶ 4A refers to a statement by the Deputy Director of National Intelligence at Exh. E to the Jaffer Declaration, to which the Court is referred for a full and complete statement of its content.   In addition, the statement in this paragraph presents no genuine issue of material fact relevant to the pending motions for summary judgment concerning the challenged FISA Act Amendments of 2008.

4B.      Deny, except to admit that ¶ 4A refers to a statement by the Deputy Director of National Intelligence Exh. E to the Jaffer Declaration, to which the Court is referred for a full and complete statement of its content.      In addition, the statement in this paragraph presents no genuine issue of material fact relevant to the pending motions for summary judgment concerning the challenged FISA Act Amendments of 2008.

5.      Admit.  The Court is referred to Exhibit F to the Jaffer Declaration for a full and complete statement of its contents.      In addition, the statement in this paragraph presents no genuine issue of material fact relevant to the pending motions for summary judgment concerning the challenged FISA Act Amendments of 2008.

6.      Admit that the January 2007 FISC orders subjected any electronic surveillance that was occurring as part of the Terrorist Surveillance Program to the approval of the Foreign Intelligence Surveillance Court.  *See* Exhibit F to the Jaffer Declaration.      In addition, the statement in this paragraph presents no genuine issue of material fact relevant to the pending motions for summary judgment concerning the challenged FISA Act Amendments of 2008.

7.      Deny, except to admit that ¶ 7 refers to statements by the Director of National Intelligence set forth in Exhibit G to the Jaffer Declaration, to which the Court is referred for a full and complete statement of their content.  In addition, the statement in this paragraph presents no genuine issue of material fact relevant to the pending motions for summary judgment concerning the challenged FISA Act Amendments of 2008.

8.      Deny, except to admit that ¶ 8 refers to statements by the Director of National Intelligence set forth in Exhibit H to the Jaffer Declaration, to which the Court is referred for a full and complete statement of their content.

9.      Deny that plaintiffs have established that they are harmed by the challenged Act for purposes of establishing standing in this case.

9A.      Defendants lack knowledge or information sufficient to admit or deny the averments in this paragraph, except to admit that they are contained in the cited declarations.

9B.      Defendants lack knowledge or information sufficient to admit or deny the averments in this paragraph, except to admit that they are contained in the cited declarations.

9C.      Defendants lack knowledge or information sufficient to admit or deny the averments in this paragraph, except to admit that they are contained in the cited declarations.

9D.      Defendants lack knowledge or information sufficient to admit or deny the averments in this paragraph, except to admit that they are contained in the cited declarations.

9E.      Defendants lack knowledge or information sufficient to admit or deny the averments in this paragraph, except to admit that they are contained in the cited declarations.

9F.      Defendants lack knowledge or information sufficient to admit or deny the averments in this paragraph, except to admit that they are contained in the cited declarations.

9G.      Defendants lack knowledge or information sufficient to admit or deny the averments contained in the declarations cited in this paragraph, and, assuming *arguendo* that the asserted facts are true, otherwise deny that plaintiffs have established that they are harmed by the challenged Act for purposes of establishing standing in this case.

9H.      Defendants lack knowledge or information sufficient to admit or deny the averments contained in the declarations cited in this paragraph, and, assuming *arguendo* that the asserted facts are true, otherwise deny that plaintiffs have established that they are harmed by the challenged Act for purposes of establishing standing in this case.

9I.     Defendants lack knowledge or information sufficient to admit or deny the averments in this paragraph, except to admit that they are contained in the cited declarations.

9J.     Defendants lack knowledge or information sufficient to admit or deny the averments contained in the declarations cited in this paragraph, and, assuming *arguendo* that the asserted facts are true, otherwise deny that plaintiffs have established that they are harmed by the challenged Act for purposes of establishing standing in this case.

9K.     Defendants lack knowledge or information sufficient to admit or deny the averments contained in the declarations cited in this paragraph, and, assuming *arguendo* that the asserted facts are true, otherwise deny that plaintiffs have established that they are harmed by the challenged Act for purposes of establishing standing in this case.

9L.     Defendants lack knowledge or information sufficient to admit or deny the averments contained in the declarations cited in this paragraph, and, assuming *arguendo* that the asserted facts are true, otherwise deny that plaintiffs have established that they are harmed by the challenged Act for purposes of establishing standing in this case.

//

//

//

//

//

//

//

//

Dated: New York, New York
        October 28, 2008

GREGORY G. KATSAS                          MICHAEL J. GARCIA
Assistant Attorney General                 United States Attorney for the
CARL J. NICHOLS                            Southern District of New York
Principal Deputy Associate Attorney General
Civil Division
United States Department of Justice


By:  _/s/ Anthony J. Coppolino_____      By:_ _/s/ Serrin Turner_____
     ANTHONY J. COPPOLINO                        SERRIN TURNER
     Special Litigation Counsel                  Assistant United States Attorney
     Civil Division, Federal Programs Branch     86 Chambers Street
     United States Department of Justice         New York, New York 10007
     20 Massachusetts Avenue, Room 6102          Tel. No. (212) 637-2701
     Washington, D.C. 20530                      Fax No. (212) 637-2686
     Tel No. (202) 514-4782                      serrin.turner@usdoj.gov
     Fax No. (202) 616-8460
     tony.coppolino@usdoj.gov                    Attorneys for Defendants

     PAUL FREEBORNE
     Trial Attorney
     U.S. Department of Justice