UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMNESTY INTERNATIONAL USA; GLOBAL FUND FOR WOMEN; GLOBAL RIGHTS; HUMAN RIGHTS WATCH; INTERNATIONAL CRIMINAL DEFENSE ATTORNEYS ASSOCIATION; THE NATION MAGAZINE; PEN AMERICAN CENTER; SERVICE EMPLOYEES INTERNATIONAL UNION; WASHINGTON OFFICE ON LATIN AMERICA; DANIEL N. ARSHACK; DAVID NEVIN; SCOTT MCKAY; and SYLVIA ROYCE,<br><br>                                                          Plaintiffs,<br><br>v.<br><br>JOHN M. McCONNELL, in his official capacity as Director of National Intelligence; LT. GEN. KEITH B. ALEXANDER, in his official capacity as Director of the National Security Agency and Chief of the Central Security Service; and MICHAEL B. MUKASEY, in his official capacity as Attorney General of the United States,<br><br>                                                          Defendants. | PLAINTIFFS' SUPPLEMENTAL STATEMENT OF UNDISPUTED FACTS<br><br>Case No. 08 Civ. 6259 (JGK)<br><br>ECF CASE |

PLAINTIFFS' SUPPLEMENTAL STATEMENT OF UNDISPUTED FACTS

JAMEEL JAFFER
MELISSA GOODMAN
L. DANIELLE TULLY
LAURENCE M. SCHWARTZTOL
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
jjaffer@aclu.org

NEW YORK CIVIL LIBERTIES UNION
FOUNDATION, by
CHRISTOPHER DUNN
ARTHUR EISENBERG
New York Civil Liberties Union
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300

CHARLES S. SIMS
THEODORE K. CHENG
MATTHEW J. MORRIS
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
212-969-3000

Attorneys for Plaintiffs

December 12, 2008

    Plaintiffs file this Supplemental Statement of Undisputed Facts to support their Motion for Summary Judgment. The Supplemental Statement, which plaintiffs file in accordance with Local Rule 56.1(a), describes facts asserted in the affidavits of Steven M. Bellovin, Stephen Gillers, Christopher L. Hedges, and Scott McKay, all of which plaintiffs have filed herewith. Since the government has cross-moved for summary judgment, plaintiffs would ordinarily have a separate obligation to file a statement responding to the government's statement of undisputed facts. Local Rule 56.1(b). Here, however, the government has failed to file a Local Rule 56.1(a) statement to which plaintiffs can respond. This failure is "sufficient grounds to dismiss the motion." *Howard v. City of New York*, 302 F. Supp. 2d 256, 259 (S.D.N.Y. 2004) (Koeltl, J.). Finally, while the government *has* filed a statement under Local Rule 56.1(b), the statement is deficient because it relies only on unsupported denials of plaintiffs' Rule 56.1(a) statement but does not provide citations to admissible evidence, as required by the rule. Accordingly, all facts asserted in plaintiffs' 56.1(a) submission must be deemed admitted to the extent they are supported by factual proffers in the record. *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003).

1. In the 1970s, Americans' international communications were transmitted essentially evenly between satellite and transoceanic cable. Bellovin Decl. ¶¶7-9.

2. Plaintiffs are harmed by the challenged law.

    A. Plaintiffs' work requires them to engage in sensitive and sometimes privileged telephone and e-mail communications with colleagues, clients, journalistic sources, witnesses, experts, foreign government officials, and victims of human rights abuses located outside the United States. Hedges Decl. ¶4; McKay Decl. ¶¶5, 7, 9, 11-12; Gillers Decl. ¶15.

    B. Some of the plaintiffs communicate by telephone and e-mail with people the U.S. government believes or believed to be associated with terrorist organizations. McKay Decl. ¶¶3, 5-7, 11-12.

    C. Some of the plaintiffs communicate by telephone and e-mail with people located in geographic areas that are a special focus of the U.S. government's

2

      counterterrorism or diplomatic efforts.  Hedges Decl. ¶¶4, 7; McKay Decl. ¶¶ 5, 12.

D. Plaintiffs exchange information that constitutes "foreign intelligence information" within the meaning of the FAA.  Hedges Decl. ¶7; McKay Decl. ¶¶5, 7, 12.

E. Because of the nature of their communications and the identities and geographic location of the individuals with whom they communicate, plaintiffs reasonably believe that their communications will be acquired, retained, analyzed, and disseminated under the challenged law.  Hedges Decl. ¶¶6-7; McKay Decl ¶¶ 4, 6; Gillers Decl. ¶¶13, 16, 23.

F. The FAA compromises plaintiffs' ability to locate witnesses, cultivate sources, gather information, communicate confidential information to their clients, and engage in other legitimate and constitutionally protected communications.  Hedges Decl. ¶¶8-9; McKay Decl. ¶¶ 10-11, 13-14; Gillers Decl. ¶¶10, 12, 23.

G. Plaintiffs have ceased engaging in certain conversations on the telephone and by e-mail.  Hedges Decl. ¶¶8-9; McKay Decl. ¶¶8, 10.

H. The FAA forces plaintiffs to take costly and burdensome measures to protect the confidentiality of sensitive and privileged communications.  Hedges Decl. ¶¶8-9; McKay Decl. ¶¶8, 10-11, 14.

I. Because the FAA inhibits their ability to communicate by telephone and e-mail with sources, clients, and others essential to their work, some plaintiffs must now travel long distances to meet personally with individuals.  Hedges Decl. ¶9; McKay Decl. ¶10.

J. Plaintiff attorneys have an ethical obligation to avoid communicating confidential information about client matters over telephone, fax, or e-mail if they have reason to believe that it is likely to be intercepted by others.  McKay Decl. ¶¶8-11, 14; Gillers Decl. ¶¶10-23.

K. The threat of surveillance under the new law has a much greater impact on plaintiffs' work than other kinds of U.S. government surveillance.  Hedges Decl. ¶6; McKay Decl. ¶¶13-14; Gillers Decl. ¶21.

Respectfully submitted,

/s/ Jameel Jaffer
JAMEEL JAFFER
MELISSA GOODMAN
L. DANIELLE TULLY
LAURENCE M. SCHWARTZTOL
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2583
jjaffer@aclu.org

NEW YORK CIVIL LIBERTIES UNION
FOUNDATION, by
CHRISTOPHER DUNN
ARTHUR EISENBERG
New York Civil Liberties Union
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300

CHARLES S. SIMS
THEODORE K. CHENG
MATTHEW J. MORRIS
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
212-969-3000

December 12, 2008