UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMNESTY INTERNATIONAL USA; GLOBAL FUND FOR WOMEN; GLOBAL RIGHTS; HUMAN RIGHTS WATCH; INTERNATIONAL CRIMINAL DEFENSE ATTORNEYS ASSOCIATION; THE NATION MAGAZINE; PEN AMERICAN CENTER; SERVICE EMPLOYEES INTERNATIONAL UNION; WASHINGTON OFFICE ON LATIN AMERICA; DANIEL N. ARSHACK; DAVID NEVIN; SCOTT MCKAY; and SYLVIA ROYCE,<br><br>    Plaintiffs,<br><br>    v.<br><br>DENNIS C. BLAIR, in his official capacity as Director of National Intelligence; LT. GEN. KEITH B. ALEXANDER, in his official capacity as Director of the National Security Agency and Chief of the Central Security Service; and ERIC H. HOLDER JR., in his official capacity as Attorney General of the United States,<br><br>    Defendants. | MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISCLOSURE OF INFORMATION CONCERNING AUG. 22, 2009 DECISION OF THE FISA COURT OF REVIEW<br><br>Case No. 08 Civ. 6259 (JGK)<br><br>ECF CASE |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISCLOSURE OF INFORMATION CONCERNING AUG. 22, 2009 DECISION OF THE FISA COURT OF REVIEW

In a letter dated Jan. 27, 2009, the government brought this Court's attention to *In re Directives [Redacted Text] Pursuant to Section 105B of Foreign Intelligence Surveillance Act*, --- F.3d ----, 2008 WL 5501436 (For. Int. Surv. Ct. Rev. August 22, 2008) (hereinafter "*In re Directives*"). Plaintiffs agree with the government that the FISA

Court of Review's decision discusses certain issues that are relevant to the above-captioned litigation.[1]

Plaintiffs note, however, that while the FISA Court of Review's decision was issued on August 22, 2008, a redacted version was not released to the public until January 15, 2009, one day before the government filed its reply brief in this case. The long and thus-far unexplained delay between the time the decision was issued and the time it was released to the public raises the possibility that there may have been developments in *In re Directives* since the FISA Court's decision was issued.[2] Plaintiffs have an extremely strong interest in assessing the impact of any subsequent proceedings on the issues involved in this case. *Cf. Joint Anti-Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 169-170 (1951) (Frankfurter, J., concurring) ("fairness can rarely be obtained by secret, one-sided determination of facts decisive of rights); *Abourezk v. Reagan*, 785 F.2d 1043, 1060 (D.C. Cir. 1986) ("It is therefore the firmly held main rule that a court may not dispose of the merits of a case on the basis of *ex parte, in camera* submissions."); *Kinoy v. Mitchell*, 67 F.R.D. 1, 15 (S.D.N.Y.1975) ("Our system of justice does not encompass *ex parte* determinations on the merits of cases in civil litigation."). The public also has a strong interest in access to any filings or orders associated with this litigation. *Cf. Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006) ("[D]ocuments submitted to a courts for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access

---

[1] Plaintiffs have responded to the government's characterization of *In re Directives* in a letter to the Court dated February 4, 2009. That letter, as well as the government's January 27, 2009 letter, are submitted as exhibits to plaintiffs' motion.

[2] For example, the communications service provider that challenged the directives may have moved for rehearing or petitioned the Supreme Court for *certiorari*.

attaches, under both common law and the First Amendment."); *Hickling Engineering, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("Redacting portions of opinions is one thing, secret disposition quite another. We have insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence.").

Because any such subsequent developments could be relevant to this litigation, plaintiffs respectfully move this Court to (i) direct the government to state in a public filing whether there have been subsequent developments in *In re Directives*, and if there have been such developments, to describe those developments in its public filing in as much detail as possible; and (ii) direct the government to make available to the public any judicial orders or opinions that may have been entered in *In re Directives*, and any legal briefs that may have been filed by the parties in that litigation, since August 22, 2008.[3] To the extent that information or materials relating to *In re Directives* is under seal, plaintiffs respectfully ask that the Court direct the government to seek relief from the seal or justify its refusal to do so in a public filing.

Respectfully submitted,

/s/ Jameel Jaffer

JAMEEL JAFFER
MELISSA GOODMAN
L. DANIELLE TULLY
LAURENCE M. SCHWARTZTOL
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500

---

[3] While some redactions may be necessary, the government should redact only information that cannot be disclosed without endangering national security.

Fax: (212) 549-2583
jjaffer@aclu.org

NEW YORK CIVIL LIBERTIES UNION
FOUNDATION, by
CHRISTOPHER DUNN
ARTHUR EISENBERG
New York Civil Liberties Union
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300

CHARLES S. SIMS
THEODORE K. CHENG
MATTHEW J. MORRIS
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
(212) 969-3000

February 4, 2009