UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMNESTY INTERNATIONAL USA; GLOBAL FUND FOR WOMEN; GLOBAL RIGHTS; HUMAN RIGHTS WATCH; INTERNATIONAL CRIMINAL DEFENSE ATTORNEYS ASSOCIATION; THE NATION MAGAZINE; PEN AMERICAN CENTER; SERVICE EMPLOYEES INTERNATIONAL UNION; WASHINGTON OFFICE ON LATIN AMERICA; DANIEL N. ARSHACK; DAVID NEVIN; SCOTT MCKAY; and SYLVIA ROYCE,<br><br>                                   Plaintiffs,<br><br>v.<br><br>DENNIS C. BLAIR, in his official capacity as Director of National Intelligence; LT. GEN. KEITH B. ALEXANDER, in his official capacity as Director of the National Security Agency and Chief of the Central Security Service; and ERIC H. HOLDER JR., in his official capacity as Attorney General of the United States,<br><br>                                   Defendants. | **DECLARATION OF LAURENCE M. SCHWARTZTOL**<br><br>Case No. 08 Civ. 6259 (JGK)<br><br>**ECF CASE** |

**DECLARATION OF Laurence M. Schwartztol**

I, Laurence M. Schwartztol, declare:

1. I am a resident of New York, NY over the age of 18. I have personal knowledge of the facts stated in this declaration.

2. I am an attorney for the American Civil Liberties Union and counsel to plaintiffs in this action. I submit this declaration in support of the Notice of Motion for Disclosure of Information Concerning Aug. 22, 2009 Decision of the FISA Court of Review.

3.     On Jan. 27, 2009 the government sent a letter to the Court concerning the Aug. 22, 2009 decision of the FISA Court of Review. The letter is attached hereto as **Exhibit A**.

4.     On Feb. 4, 2009 the plaintiffs' counsel sent a letter to the Court in response to the government's Jan. 27, 2009 letter. The letter is attached hereto as **Exhibit B**.

I declare under penalty of perjury under the laws of the United States and of the State of New York that the foregoing is true and correct.

_____
LAURENCE M. SCHWARTZTOL

Executed at New York, New York on February 4, 2008.

# Exhibit A



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

January 27, 2009

**BY HAND**
The Honorable John G. Koeltl
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1030
New York, New York 10007

      Re:    *Amnesty Int'l USA, et al. v. McConnell, et al.*, 08 Civ. 6259 (JGK)

Dear Judge Koeltl:

      We represent defendants (collectively, "the Government") in the above-referenced action, in which plaintiffs seek to challenge the constitutionality of the Foreign Intelligence Surveillance Act, 50 U.S.C. § 1801, *et seq*. ("FISA"), as amended by the Foreign Intelligence Surveillance Act Amendments Act of 2008 ("FAA"), codified in relevant part at 50 U.S.C. § 1881a ("§ 1881a"). We write to bring to the Court's attention the FISA Court of Review's recently released unclassified version of its opinion in *In re Directives Pursuant to Section 105B of the Foreign Intelligence Surveillance Act*, No. 08-01, __ F.3d __ (FISA Review Ct. Aug. 22, 2008) (copy enclosed), which is of significant relevance to this litigation.[1]

      *In re Directives* concerns an as-applied challenge to the constitutionality of the Protect America Act of 2007 ("PAA"), Pub. L. No. 110-55, 121 Stat. 552 – the predecessor to the FAA. The challenge was brought by a private party that had been directed by the Government to assist in effectuating surveillance under the statute. The case was heard initially by the Foreign Intelligence Surveillance Court ("FISC"), which upheld the PAA against the petitioner's challenge; on appeal, the FISA Court of Review affirmed. The Court of Review concluded that the surveillance at issue fell within the foreign intelligence exception to the warrant requirement and was otherwise reasonable under the Fourth Amendment.

---

[1] The Government was unable to incorporate an analysis of the opinion into its recently filed cross-reply because the opinion was released in unclassified form only a day before the cross-reply was due.

Page 2

It should be noted that the PAA was not identical to, and in certain respects was broader than, the provision of the FAA at issue here, *viz.*, § 1881a. Most notably, the PAA authorized surveillance of "persons reasonably believed to be outside the United States" *without distinguishing* between U.S.- and non-U.S. persons, *see* slip op. at 4, whereas § 1881a authorizes only surveillance of non-U.S. persons outside the United States. Moreover, the petitioner in *In re Directives* limited its claims to alleged injuries to U.S. persons. *See id.* at 11. Thus, the analysis in *In re Directives* addresses certain issues specific to foreign intelligence surveillance targeted at U.S. persons abroad, which are not relevant here.[2]

The bulk of the opinion in *In re Directives*, however, addresses issues that directly parallel those raised in this litigation. Indeed, in upholding the constitutionality of warrantless foreign intelligence surveillance of overseas targets, notwithstanding the concomitant risk of incidentally or inadvertently collecting the communications of non-targeted U.S. persons, the opinion squarely rejects many of the arguments plaintiffs make here in challenging § 1881a. Specifically, the opinion:

- rejects the argument that the foreign intelligence exception to the Fourth Amendment's warrant clause is limited to surveillance whose "primary purpose" is intelligence collection as distinct from criminal investigation, slip op. at 15-17;

- rejects the argument that, where the foreign intelligence exception applies, reasonableness requires "protections equivalent to the three principal warrant requirements: prior judicial review, probable cause, and particularity," explaining that this view of reasonableness would effectively "reincorporate . . . the same warrant requirements that we already have held inapplicable," *id.* at 20;

- rejects "concerns about potential abuse of executive discretion," finding them to constitute "little more than a lament about the risk that government officials will not operate in good faith" – a risk that "exists even when a warrant is required," *id.* at 24;

---

[2] In particular, the Court of Review upheld the PAA based in part on the fact that any surveillance of U.S. persons under the statute was subject to § 2.5 of Executive Order 12333, which requires the Attorney General to find probable cause that a U.S. person abroad is an agent of a foreign power before subjecting the person to surveillance that would require a warrant if undertaken for law enforcement purposes. *See* slip op. 22-23. (The FAA codified the requirements of § 2.5 of Executive Order 12333, in provisions separate from § 1881a. *See* FAA §§ 703, 704 (codified at 50 U.S.C. §§ 1881b, 1881c)). Here, by contrast, plaintiffs argue that reasonableness requires probable cause for surveillance targeted at *non*-U.S. persons abroad – which was *not* required under either the PAA or Executive Order 12333 and, as we have argued, is not required by the Fourth Amendment.

- rejects concerns about incidental collection of U.S. persons' communications as "overblown," given that "[i]t is settled beyond peradventure that incidental collections occurring as a result of constitutionally permissible acquisitions do not render those acquisitions unlawful," *id*. at 26; and

- rejects concerns about inadvertent surveillance of U.S. persons, given that the Government's targeting procedures included provisions designed to prevent errors and were subject to semi-annual compliance reviews, *id.* at 26, and moreover, to the extent that errors might nonetheless occur, minimization procedures would mitigate their impact, *id*. at 25.[3]

The Government submits that the FISA Court of Review's analysis is persuasive on all of these points. As our summary judgment papers explain in full, this Court should reach the same holdings in rejecting plaintiffs' challenge to the constitutionality of § 1881a.

We thank the Court for its consideration of this submission.

Respectfully,

MICHAEL F. HERTZ  
Acting Assistant Attorney General

LEV L. DASSIN  
Acting United States Attorney

ANTHONY J. COPPOLINO  
Special Litigation Counsel  
U.S. Department of Justice

By:   */s/ Serrin Turner*  
SERRIN TURNER  
Assistant United States Attorney  
Tel: (212) 637-2701  
Fax: (212) 637-2686

cc (by email):
  Jameel Jaffer, Esq.
  Melissa Goodman, Esq.
  Danielle Tully, Esq.

---

[3] The opinion also rejects concerns over the PAA's lack of a particularity requirement, finding that certain pre-surveillance procedures used by the Government were sufficient to satisfy particularity concerns. *Id.* at 22. Analogously, the Government has argued here that plaintiffs have no basis to presume that indiscriminate targeting procedures will be used by the Government in conducting § 1881a acquisitions. *See* Gov't Br. 36.

# Exhibit B

NATIONAL SECURITY PROJECT

**ACLU**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION

February 4, 2009

Honorable John G. Koeltl
U.S. District Court for the
  Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Amnesty, et al. v. Blair, et al.*, 08-cv-6259 (JGK)

Dear Judge Koeltl,

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
WWW.ACLU.ORG

OFFICERS AND DIRECTORS
SUSAN N. HERMAN
PRESIDENT

ANTHONY D. ROMERO
EXECUTIVE DIRECTOR

RICHARD ZACKS
TREASURER

Plaintiffs in the above-referenced action write in response to the government's letter of January 27, 2009, discussing *In re Directives [Redacted Text] Pursuant to Section 105B of Foreign Intelligence Surveillance Act*, --- F.3d ---, 2008 WL 5501436 (For. Int. Surv. Ct. Rev. August 22, 2008) (hereinafter "*In re Directives*"). The government misunderstands the relevance of this case to the issues before this Court.

As the Court is aware, plaintiffs in this case have challenged the facial validity of the FISA Amendments Act of 2008, Pub. L. No. 110-261 (2008) ("FAA"), a surveillance law that Congress enacted after the expiration of the Protect America Act, Pub. L. No. 110-55, 121 Stat. 552 ("PAA"). Plaintiffs have argued, among other things, that the FAA violates the Fourth Amendment's warrant clause and its reasonableness requirement by permitting the government to monitor the international communications of U.S. citizens and residents without prior court approval; without identifying the people or facilities to be monitored; without individualized suspicion of any kind; and without observing meaningful limitations on the retention, analysis, and dissemination of acquired communications. The government has argued that the statute is constitutionally sound because there is a broad foreign intelligence exception to the warrant requirement and because the statute's targeting and minimization requirements render the statute reasonable.

Notwithstanding the government's January 27 letter, the FISA Court of Review's decision in *In re Directives* does not support the sweeping arguments that the government has advanced in this litigation. For example, while the government is correct that the FISA Court of Review recognized a foreign intelligence exception to the warrant requirement, it held that this exception extends to "surveillance [that] is

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

conducted to obtain foreign intelligence for national security purposes and *is directed at foreign powers or agents of foreign powers* reasonably believed to be located outside the Untied States." *In re Directives*, 2008 WL 5501436, at *6 (emphasis added). The exception recognized by the FISA Court of Review, in other words, is far narrower than the one proposed by the government in this case. Here, the government has invoked the foreign intelligence exception not in defense of surveillance that is directed at "foreign powers or agents of foreign powers reasonably believed to be located outside the United States," but in defense of a statute that permits surveillance directed at *any* non-citizen located outside the United States, and indeed that permits dragnet surveillance – including dragnet surveillance of *Americans'* international communications – without reference to individualized suspicion or probable cause. Neither the FISA Court of Review nor any other court has recognized a foreign intelligence exception sweeping enough to encompass the kind of surveillance authorized by the FAA.[1]

Nor does *In re Directives* support the government's argument that the surveillance authorized by the FAA is reasonable. The government rightly notes that *In re Directives* "rejects the argument that, where the foreign intelligence exception applies, reasonableness requires protections *equivalent* to the three principal warrant requirements: prior judicial review, probable cause, and particularity." Gov't Ltr. at 2 (internal quotation marks omitted and emphasis added). But the argument that the Court of Review rejected is an argument that plaintiffs have never made. Rather, plaintiffs have argued that any analysis of the FAA's reasonableness must be *informed by*, among other things, the statute's failure to require individualized judicial review, failure to require probable cause (or individualized suspicion of any kind), and failure meaningfully to limit the duration of the surveillance or the communications that can be acquired. This argument – the argument that plaintiffs have actually made – is one that the FISA Court of Review expressly *endorses*. *In re Directives*, Slip Op. at 20 ("the more a set of procedures resembles those associated with the traditional warrant requirements, the more easily it can be determined that those procedures are within constitutional bounds").

---

[1] To be clear, plaintiffs believe that the Court of Review was wrong to recognize *any* foreign intelligence exception to the warrant requirement. The important point here, however, is that even if such an exception exists, the exception is not broad enough to encompass the kind of dragnet, suspicionless surveillance permitted by the FAA. Pl. Reply Br. 20-23.

2

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

In fact, the FISA Court of Review's decision lends considerable support to plaintiffs' argument that surveillance permitted by the FAA is unreasonable. While the FISA Court of Review ultimately found that the challenged surveillance directives conformed to the Fourth Amendment's requirements, it reached this conclusion only after noting that the surveillance had been predicated on probable cause and a determination of necessity and had been limited in duration.[2] The FAA lacks the safeguards that the FISA Court of Review found crucial to the reasonableness analysis.

The government's suggestion that *In re Directives* supports its arguments with respect to "incidental" and "inadvertent" interception, Gov't Ltr. at 3, misunderstands both plaintiffs' arguments and the Court of Review's decision. Plaintiffs do not take issue with the Court of Review's statement that "incidental collections occurring as a result of constitutionally permissible acquisitions do not render those acquisitions unlawful." Gov't Ltr. at 3 (quoting *In re Directives*, Slip Op. 26). But the acquisitions conducted under the FAA are not "constitutionally permissible acquisitions." The surveillance at issue in *In re Directives* was predicated on probable cause and limited in duration. Nothing in the Court of Review's decision suggests that the Constitution permits dragnet surveillance that is not predicated on individualized suspicion, not subject to meaningful duration requirements, and not subject to the other safeguards that are mandated by the Fourth Amendment.

Nor do plaintiffs take issue with the general proposition that a statute should not be invalidated on its face because of hypothetical concerns that government agents will implement the statute in bad faith. Plaintiffs' challenge to the FAA, however, does not rest at all on a concern that government agents will act in bad faith. Plaintiffs challenge the statute on its face, not as applied, and plaintiffs' concern is not that government agents will engage in surveillance that the statute forbids, but that they will exercise the authority that the statute actually invests in

---

[2] While the PAA did not itself require individualized suspicion or particularity, the Court of Review's decision did not address the *facial* validity of the PAA; it addressed the constitutionality of surveillance directives that had been issued under the combination of the PAA, Executive Order 12333, and certain Defense Department regulations, which collectively required probable cause, necessity, and limited the duration of the surveillance.

3

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

them. The concern, in other words, is that the government will engage in precisely the kind of dragnet, suspicionless surveillance that the statute was intended to authorize.

Finally, plaintiffs note that while the FISA Court of Review's decision was issued on August 22, 2008, a redacted version was not released to the public until January 15, 2009, one day before the government filed its reply brief in this case. The long and thus-far unexplained delay between the time the decision was issued and the time it was released to the public raises the possibility that there have been developments in *In re Directives* since the FISA Court's decision was issued. (For example, the communications service provider that challenged the directives may have moved for rehearing or petitioned the Supreme Court for *certiorari*.) Because any such subsequent developments could be relevant to this litigation, plaintiffs respectfully request that the Court direct the government to state in a public filing whether there have been subsequent developments in *In re Directives*, and if there have been such developments, to describe those developments in its public filing in as much detail as possible. Plaintiffs also ask that the Court direct the government to make available to plaintiffs, the Court, and the public any judicial orders or opinions that may have been entered in *In re Directives*, and any legal briefs that may have been filed by the parties in that litigation, since August 22, 2008.[3] To the extent that information or materials relating to *In re Directives* is under seal, plaintiffs respectfully ask that the Court direct the government to seek relief from the seal or justify its refusal to do so in a public filing. Plaintiffs are today filing a Motion seeking the relief described in this paragraph.

Plaintiffs thank the Court for its consideration of these matters.

Respectfully,

Jameel Jaffer

---

[3] While some redactions may be necessary, the government should redact only information that cannot be disclosed without endangering national security.

4

cc: Anthony H. Coppolino
Justice Department, Civil Division
Federal Programs Branch, Room 6102
20 Massachusetts Ave., N.W.
Washington, D.C. 20530

Serrin Turner
Assistant United States Attorney, S.D.N.Y.
86 Chambers Street
New York, NY 10007

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION